IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00533-PSF-BNB

BRIAN KENT HASTINGS,

    Applicant,

v.

JOE ORTIZ, C.D.O.C. Superintendent; and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

    This matter comes before the Court on the 18-page Recommendation of Magistrate Judge Boland entered on March 13, 2006 (Dkt. # 9), in which he recommended denial of plaintiff's Application for a Writ of Habeas Corpus (Dkt. # 2) filed on March 22, 2005.  The Recommendation advised plaintiff that he had ten days after service within which to file written objections to any part of the Recommendation, or otherwise waive *de novo* review of the matter under F.R.Civ.P. 72(b).  More than 60 days have elapsed on no objection has been filed.

    For the reasons set forth below the Recommendation of the Magistrate Judge is accepted, and plaintiff's application is DISMISSED WITH PREJUDICE.

**BACKGROUND**

    Plaintiff's application for a writ under 28 U.S.C. § 2254 arises from his criminal conviction in the District Court of Crowley County, Colorado in June 2000 for second

degree assault, and his subsequent entry into a sentencing agreement whereby it was agreed that plaintiff would receive a sentence of 12 years, pending habitual criminal counts against him would be dismissed, and he would waive his right to appeal the assault conviction. (*See* Appendix D to Respondents' Answer at 2). Plaintiff did not pursue a direct appeal of his conviction, but instead filed a motion under C.R.Crim.P. 35(c) for post-conviction relief. The trial court denied the motion and the Colorado Court of Appeals affirmed the denial by order entered July 1, 2004 (Appendix D to Respondents' Answer). Plaintiff's application for a writ of certiorari to the Colorado Supreme Court was denied on January 24, 2005 (Appendix F to Respondents' Answer) and plaintiff timely filed his application in this Court on March 22, 2005.

**ANALYSIS OF PLAINTIFF'S APPLICATION**

As correctly recognized by the Magistrate Judge, plaintiff's application raises 14 different claims as asserted bases for the issuance of the writ. The Magistrate Judge found that claims one through twelve essentially seek a direct appeal of his conviction, and therefore are not properly before this Court because plaintiff had not exhausted his state court remedies with respect to these claims.

This finding was based on the fact that plaintiff had failed to take a direct appeal of his conviction, and since he had voluntarily entered into the sentencing agreement, the Colorado Court of Appeals found that plaintiff had waived his appellate rights to these claims. *Id.* at 7-8. The Magistrate Judge properly found therefore, relying on *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991), that when a state court declines to address a prisoner's claim because it is procedurally barred, the claim is

procedurally defaulted in a federal habeas proceeding unless the petitioner can show cause for the default and actual prejudice, or that failure to consider the claim will result in a miscarriage of justice (Recommendation at 17).

Here, plaintiff made no showing before the Magistrate Judge of either of these grounds.  Having failed to file an objection to the ruling as well, he makes no such showing before this Court.  Accordingly, the plaintiff's claims one through twelve are not proper for consideration on an application for habeas corpus and must be dismissed.

Plaintiff's claims thirteen and fourteen were raised in the Colorado Court of Appeals and, as noted above, were rejected by that court's order of July 1, 2004.  The Magistrate Judge thoroughly set forth the factual background regarding each of these claims, the rulings entered by the Colorado Court of Appeals as to each claim, the legal principles raised by applicant in support of each claim, and concluded that neither of the claims provided a basis for the relief sought by applicant.

With respect to the fourteenth claim, which essentially asserts that the sentencing agreement entered into by plaintiff violated his due process and equal protection rights because exculpatory evidence had been destroyed, the Magistrate Judge found that the state court's determination of this argument is not contrary to, nor does it involve an unreasonable application of federal law (Recommendation at 11). Accordingly, he concluded that no relief may be afforded on this claim under 28 U.S.C. § 2254(d).  Plaintiff has made no showing to the contrary, and has provided this Court with no objection suggesting the Magistrate Judge erred.  The Court finds that the Magistrate Judge properly applied the controlling law in reviewing this claim.

With respect to the thirteenth claim, which essentially asserts that the plaintiff had ineffective assistance of counsel in various ways when he entered into the sentencing agreement, the Magistrate Judge found that the state court's determination of this argument is not contrary to, nor does it involve an unreasonable application of federal law (Recommendation at 15-16). Accordingly, he concluded that no relief may be afforded on this claim under 28 U.S.C. § 2254(d). Plaintiff has made no showing to the contrary, and has provided this Court with no objection suggesting the Magistrate Judge erred. The Court finds that the Magistrate Judge properly applied the controlling law in reviewing this claim.

**CONCLUSION**

The Court accepts the Recommendation of the Magistrate Judge (Dkt. # 9) and adopts his reasoning for denying the application for habeas relief. Therefore, plaintiff's Application (Dkt. # 2) is DENIED, and this case is DISMISSED WITH PREJUDICE.

DATED: May 26, 2006.

BY THE COURT:

*s: Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge